O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENS MAJANO, | ) | NO. CV 12-1742-GHK (MAN) |
| | ) | |
|              Petitioner, | ) | ORDER:   GRANTING MOTION TO |
| | ) | |
|   v. | ) | DISMISS; DISMISSING PETITION |
| | ) | |
| TIM VIRGA, | ) | WITHOUT PREJUDICE; AND DENYING |
| | ) | |
|              Respondent. | ) | CERTIFICATE OF APPEALABILITY |

On February 29, 2012, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition").[1] The Petition challenges a 2009 state court conviction and sentence. Petitioner represented, under oath, that:  he filed a petition for review in the California Supreme Court in Case No. S189196, in which he presented the claims alleged in the Petition; and his petition for review was denied on March 2, 2011.  (Petition at 3, 7.)  Based on that representation, the Petition appeared to be exhausted and timely, and thus, the United States Magistrate Judge ordered that the Petition be served on Respondent.

---

[1] Petitioner originally filed the Petition in the United States District Court for the Eastern District of California, which transferred the Petition to this District.

## BACKGROUND

On April 25, 2012, Respondent filed a motion to dismiss the Petition ("Motion") and lodged portions of the state record ("Lodg."). In the Motion, Respondent argued that the Petition is: untimely, because it was filed approximately two months after Petitioner's limitations period expired; and fully unexhausted, because Petitioner did not file a petition for review in the California Supreme Court.

On May 1, 2012. the Magistrate Judge issued an Order To Show Cause ("OSC"). The OSC stated, *inter alia*:

> The record shows that Petitioner was jointly tried and convicted with three co-defendants -- Jose L. Guevara, David Monterrosa, and Larry Navarette. (Lodg. No. 2 at 2.) Petitioner and his three co-defendants, each represented by separate appellate counsel, appealed to the California Court of Appeal, and on November 15, 2010, in a single decision, the California Court of Appeal affirmed the judgments against all four. (Lodg. No. 2.) Pursuant to Rule 8.500 of the California Rules of Court, Petitioner and his co-defendants had until December 25, 2010, in which to seek review in the California Supreme Court. On December 23, 2010, co-defendants Guevara and Monterrosa filed separate petitions for review in Case No. S189196. On December 27, 2010, the first court day after the Christmas holiday period, co-defendant Navarette filed a petition for review in Case No. S189196. (Lodg. No. 3.) The Court has examined the copy of the docket for

>    California Supreme Case No. S189196 lodged by Respondent
>    (Lodg. No. 3) and, pursuant to Rule 201 of the Federal Rules
>    of Evidence, has taken judicial notice of the docket
>    information regarding Case No. S189196, which is available at
>    http://appellatecases.courtinfo.ca.gov. These public records
>    indicate that Petitioner did *not* file a petition for review in
>    Case No. S189186.
>
>    If Petitioner did not file a petition for review in the
>    California Supreme Court, the Petition is fully unexhausted
>    and must be dismissed summarily.[2] If, however, the docket
>    for Case No. S189196 is incorrect and Petitioner *did* file a
>    petition for review, the Petition may be exhausted and would
>    be timely.

(OSC at 1-2.) The OSC directed Petitioner to submit competent proof, by no later than May 31, 2012, that he filed a petition for review in the California Supreme Court in Case No. S189196. The Magistrate Judge specifically directed Petitioner to submit a copy of any such petition for review.

Petitioner did not respond directly to the OSC. Instead, on May 23, 2012, he filed an Opposition to the Motion, in which he asserted that his appellate counsel filed a petition for review on his behalf.

---

[2] Footnote 1 in OSC: "In addition, if no petition for review was filed by Petitioner, his one-year limitations period commenced running on December 26, 2010, and expired on December 25, 2011, approximately two months before the Petition was filed. Thus, the Petition appears to be untimely as well as unexhausted."

To support his assertion, Petitioner appended to the Opposition copies of: a February 23, 2011 Order of the California Supreme Court in Case No. S189196, which extended the time for granting or denying review without reference to any party; a March 2, 2011 Order of the California Supreme Court in Case No. S189196, which summarily denied "[t]he petitions for review"; and a March 16, 2011 letter to Petitioner from his appellate counsel, Janice Wellborn, in which she stated, *inter alia*, that "the California Supreme Court refused to review your case." Petitioner did not, however, produce a copy of the petition for review he claims was filed on his behalf.

On June 12, 2012, the Magistrate Judge issued an Order directing further briefing. She observed that: given the docket in Case No. S189196, the evidence appended to Petitioner's Opposition did not plainly establish that a petition for review was filed on his behalf; the two state high court orders he presented were not specific to any party; and appellate counsel's letter, while indicating that the state high court denied review, did not conclusively establish that a petition for review was filed in Petitioner's name. The Magistrate Judge further observed that "[r]esolution of the question of whether Petitioner filed a petition for review is critical not only to resolving the Motion but also to determining whether this Court may hear this case at all." She ordered Respondent to file a Reply by no later than July 13, 2012, which was to address Petitioner's claim that his appellate counsel had filed a petition for review on his behalf. She further ordered Petitioner to provide to the Court a copy of the alleged petition for review by no later than July 13, 2012.

The Court is in receipt of the Reply filed and served by Respondent on June 21, 2012. The Declaration of Lance E. Winters appended to the Reply ("Winters. Decl.") establishes that *no* petition for review was filed on behalf of Petitioner in Case No. S189196. Specifically, Respondent's counsel states that, on June 13, 2012, he spoke with clerks for the California Court of Appeal and the California Supreme Court and neither clerk has any record of a petition for review filed on Petitioner's behalf in connection with his appeal. (Winters Decl., ¶¶ 3-4.) Respondent's counsel called Ms. Wellborn on that same date and left a detailed message asking if she filed a petition for review on behalf of Petitioner. On the next day, he received a message from Ms. Wellborn's office stating that her office did not file a petition for review on Petitioner's behalf. (Winters Decl., ¶¶ 5-6.) Respondent's counsel followed-up with an e-mail to Ms. Wellborn asking about the May 16, 2011 letter she sent to Petitioner, a copy of which is attached to Petitioner's Opposition. Specifically, Respondent's counsel "asked her why she had stated in the letter, 'Regrettably, the California Supreme Court refused to review your case.'" (Winters Decl., ¶ 6.) Ms. Wellborn responded with an e-mail, which stated:

> I made a very regrettable mistake in this case. I thought when issuing my letter to Mr. Majano that I had filed a petition for review and that it had been denied by the Supreme Court. I was working from the order denying review in the co-appellant's case and did not check the file when drafting that letter. The order included Mr. Majano's name on it. I did not discover my omission until much later.

(*Id.*)

Thus, the evidence of record establishes that Petitioner did not file a petition for review in California Supreme Court Case No. S189196.[3]

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair

---

[3] Given Ms. Wellborn's statements to Respondent's counsel, the July 13, 2012 deadline for Petitioner to submit a copy of any petition for review filed by Ms. Wellborn on his behalf has been mooted.

opportunity to consider and correct violations of the prisoner's federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en banc*); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. See Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

As discussed above, Petitioner pursued his direct appeal in the California Court of Appeal, but he did not file a petition for review in the California Supreme Court. Given Petitioner's failure to present his claims to the California Supreme Court, the state high court has not been afforded a chance to rule on Petitioner's claims, and Petitioner has failed to exhaust his available state court remedies. Accordingly, the Petition must be dismissed without prejudice.[4] Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If Petitioner does properly exhaust his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.[5]

---

[4] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

[5] The Court advises Petitioner that: the filing and pendency of this action does not toll the one-year limitations period for federal habeas actions, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will **not** relate back to the filing date of the current Petition.

For the foregoing reasons, IT IS ORDERED that: the Motion is GRANTED on the ground that the Petition is unexhausted[6]; the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to exhaust available state remedies.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: 6/26/12 .

                                              GEORGE H. KING
                                    UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[6] For the reason identified in Note 1 of the OSC, as quoted above, the Petition is facially untimely. Given, however, the fully unexhausted status of the Petition and that there has been no submission by Petitioner addressing the timeliness question, the Court declines to resolve the timeliness issue at this time.